Billy **WEAVER**, Gus Reyna, Roger Olson, Mary Ann Flores, and R.C. Williams, Individually and in their Official Capacities as Deputies of the Cameron County Sheriff, Alex Perez, Individually and in his Official Capacity as Cameron County Sheriff, and Cameron County, Texas, Relators,

v.

Hon. Harry D. **LEWIS**, Judge of the 138th District Court of Cameron County, Texas, Sitting by Assignment, Respondent.

No. 13–89–216–CV.

Court of Appeals of Texas, Corpus Christi.

June 15, 1989.

Rehearing Denied Aug. 31, 1989.

---

John E. Chosy, Dale E. Robertson, Brownsville, for relators.

Larry Watts, Houston, Victor V. Vicinaiz, Brownsville, for respondent.

Before DORSEY, UTTER and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This original proceeding was brought by relators, the sheriff of Cameron County and certain of his deputies, complaining that respondent, the Honorable Harry Lewis, Special Judge of the 138th District Court of Cameron County, set aside a final summary judgment after his plenary power to act in the case had expired. We conditionally grant the writ.

This mandamus action arises from a suit styled Donald Uzzell vs. Weaver, et al., relators here, in which Mr. Uzzell was suing for damages resulting from a wrongful levy of execution. The levy of execution was to satisfy a judgment entered in a case entitled Alca Machinery Corporation and Danilo Cattidori vs. Paola Alfieri, et al., in which Mr. Cattidori took judgment against Norman Gellman. To satisfy Cattidori's judgment, relator Weaver allegedly seized property supposedly owned by Uzzell, not the judgment debtor. Uzzell then brought the instant suit against Weaver and the other deputies for wrongful execution in the 138th District Court of Cameron County, Texas.

Judge Robert Garza is the presiding judge of the 138th District Court. Acting at Judge Garza's request, Judge Jane Brasch heard and granted a motion for summary judgment in favor of relators on August 24, 1988, and granted a severance on September 9, 1988, making the summary judgment final. Judge Brasch took those actions as judge of the 138th District Court. Uzzell, the real party in interest, filed a Motion for New Trial on September 13, 1988.

On November 4, 1988, Judge Garza wrote a letter to the presiding judge officially recusing himself from the case and requesting a new judge be appointed to hear subsequent motions. Judge Garza stated that he had informally recused himself in August, 1988, and had forwarded the case to Judge Brasch. The presiding judge of the administrative region appointed Judge Harry Lewis on November 17, 1988, who heard plaintiff Uzzell's Motion to Vacate all Prior Orders on January 27, 1989. On May 19, 1989, Judge Lewis ordered all prior orders in the case be set aside. It is this order that relators complain of, saying that the action taken by Judge Lewis was outside the time limits provided by the rules and thus is of no force and effect.

■ It is undisputed that Judge Lewis' order came 140 days after the summary judgment became final. Rule 329b of the Rules of Civil Procedure provides the applicable time limits for the filing and action on

post judgment motions. When a motion for new trial is filed but not acted on within 75 days after judgment, it is overruled by operation of law. Tex.R.Civ.P. 329b(c). After the overruling of the motion for new trial by operation of law, the trial court retains plenary jurisdiction over the cause to vacate, modify, correct, or reform the judgment for 30 days. Tex.R.Civ.P. 329b(e). A judgment may not be set aside after the court's plenary power has expired except by bill of review. Tex.R.Civ.P. 329b(f). An order for new trial signed after the court's plenary power over the judgment has expired is void. *Clark & Co. v. Giles,* 639 S.W.2d 449, 450 (Tex.1982).

Respondent argues that the plenary jurisdiction analysis is irrelevant because Judge Garza was disqualified to take any action in the case, including requesting Judge Brasch to rule on the motion for summary judgment. Judge Brasch's actions were therefore void because the procedures established for the appointment of judges to sit for those recused or disqualified were not followed to allow her to replace Judge Garza.

The factual basis for respondent's disqualification claim against Judge Garza is that, while in private practice, before assuming the bench, Judge Garza represented Danilo Cattidori, a plaintiff in the original suit, until April, 1983, when he withdrew as his counsel. Respondent argues that the recognized distinction between constitutional disqualification under Tex. Const. art. 5, § 11 and recusal is not controlling because Judge Garza voluntarily removed himself from the case. *See generally* Kilgarlin and Bruch, "Disqualification and Recusal of Judges," 17 St. Mary's L.J. 599 (1986). As Judge Garza stated in his letter of November 4, 1988, that he had "informally" recused himself and referred the case to Judge Brasch, his removal from the case must be dated from when he first asked Judge Brasch to act, sometime in August, 1988.

 We believe the issue here to be Judge Lewis' power to act rather than Judge Garza's disqualification or recusal;

thus we do not address respondent's contentions concerning the invalidity of the summary judgment. The order granting the summary judgment by Judge Brasch was facially valid. The authority to vacate that judgment lapsed on December 23, 1988, 105 days after it became final. The order to vacate was signed on May 19, 1989. Judge Lewis was without authority to act on that day. Mandamus is proper to set aside a void order of trial court. *Buttery v. Betts,* 422 S.W.2d 149, 151 (Tex. 1968).

Relator's petition for writ of mandamus is conditionally granted. We trust that the Honorable Harry Lewis will vacate his order of May 19, 1989. Mandamus will issue only if he fails to do so.