**CITY OF McALLEN, Relator,**

v.

**The Honorable Mario E. RAMIREZ, Jr., Judge of the 332nd District Court in Hidalgo County, Texas, Respondent.**

No. 13–94–054–CV.

Court of Appeals of Texas, Corpus Christi.

March 24, 1994.

Felipe Garcia, Jr., Law Offices of Ramon Garcia, P.C., Edinburg, for informant.

Kenneth L. Clark, Jr., Clark & Gamble, San Antonio, for relator.

Before KENNEDY, GILBERTO HINOJOSA and YAÑEZ, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

### ON PETITION FOR WRIT OF MANDAMUS

The City of McAllen brings the present mandamus proceeding to prevent the trial court from continuing to exercise jurisdiction over a cause of action which the city contends became final thirty days after it was dismissed for want of prosecution. We conditionally grant the writ.

The real party in interest, David Hasler, brought a workers' compensation lawsuit against the city based on a 1989 injury. After a series of settlement negotiations and other pre-trial matters which we consider irrelevant to the present question of jurisdiction, the trial court signed an order on September 2, 1993, dismissing for want of prosecution Hasler's suit against the city. On that same day, Hasler filed an unverified Plaintiff's Motion to Reinstate and for New Trial. By orders signed on October 29, 1993, the trial court purported to grant both the motion to reinstate and the motion for new trial.

Texas Rule of Civil Procedure 165a provides for the dismissal of a case for want of prosecution, after notice and a dismissal hearing, based on the failure of a party seeking affirmative relief to appear for hearing or trial. Rule 165a(3) further provides for reinstatement of a case and for cumulative remedies, as follows:

**3. Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

**4. Cumulative Remedies.** This dismissal and reinstatement procedure shall be cumulative of the rules and laws governing any other procedures available to the parties in such cases. The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dis-

missed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed.

■ An unverified motion to reinstate thus does not extend the trial court's plenary jurisdiction, which expires thirty days after the date on which it signed a final order of dismissal. *McConnell v. May,* 800 S.W.2d 194 (Tex.1990); *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex. 1986); *Macarangal v. Andrews,* 838 S.W.2d 632, 633 (Tex.App.—Dallas 1992, orig. proceeding). Moreover, mandamus is an appropriate remedy if the trial court grants an unverified motion after its plenary jurisdiction has expired. *McConnell,* 800 S.W.2d at 194; *Macarangal,* 838 S.W.2d at 633–34.[1]

In the present case, however, Hasler characterizes his motion as both a motion to reinstate and a motion for new trial. He thus urges that, when considered as a motion for new trial, there is no requirement that it be verified. Therefore, he concludes, the motion for new trial extended the trial court's jurisdiction over the case, even though the unverified motion to reinstate did not.

The question we are called upon to answer is whether the filing of a motion for new trial extends the jurisdictional and appellate time limits following a dismissal for want of prosecution, or whether a verified motion to reinstate is the only proper means to question such a dismissal.

■ At first glance, the provision in Rule 165a(4) for cumulative remedies would seem to allow Hasler to file a motion for new trial in addition to his motion to reinstate. However, we believe that this clause should not be interpreted so broadly, but should be limited to other viable procedures and remedies which are not duplicative and inherently inconsistent with the procedures set forth in Rule 165a itself.[2]

■ Under the present scheme of Rule 165a, a motion for new trial following dismissal for want of prosecution should not be considered a viable remedy in view of the fact that Rule 165a(3) sets forth a complete and exclusive remedy by way of a verified motion to reinstate. *See Gilbert v. Huber, Hunt, Nichols, Inc.,* 671 S.W.2d 869 (Tex. 1984) (per curiam).

We fail to see any practical distinction between the two motions in the context of a dismissal for want of prosecution; whether labelled a motion to reinstate or a motion for new trial, the relief requested is basically the same—to reinstate the case and then to proceed to trial. The Texas Supreme Court has also commented upon the similarity of a motion to reinstate and motion for new trial, and noted that Rule 165a generally provides the same time periods and extensions for a motion to reinstate as are provided for a motion for new trial under Texas Rule of Civil Procedure 329b. *See Butts,* 705 S.W.2d at 697.

1. Specifically, mandamus may issue when a court acts beyond its power and jurisdiction and when by so acting it vacates or changes a final adjudication. *Standley v. Stewart,* 539 S.W.2d 882 (Tex.1976); *McClelland v. Partida,* 818 S.W.2d 453, 456 (Tex.App.—Corpus Christi 1991, orig. proceeding). Thus, under various circumstances, the trial court's void actions after it loses plenary power of a case are subject to correction by writ of mandamus. For instance, the trial court's untimely attempt to grant new trial is routinely subject to correction by mandamus. *See J.A. Bitter & Associates v. Haberman,* 834 S.W.2d 383 (Tex.App.—San Antonio 1992, original proceeding); *McClelland,* 818 S.W.2d at 456; *see also First Alief Bank v. White,* 682 S.W.2d 251 (Tex.1984) (untimely modification of judgment); *Richie v. Heard,* 611 S.W.2d 419 (Tex.1981) (untimely reinstatement of a case); *Weaver v. Lewis,* 774 S.W.2d 701 (Tex.App.—Corpus Christi 1989, original proceeding) (untimely set aside a final

summary judgment); *Munson Engineering, Inc. v. Farris,* 666 S.W.2d 355 (Tex.App.—Houston [14th Dist.] 1984, original proceeding) (untimely set aside a default judgment).

2. The cumulative remedies provision of Rule 165a(4) is generally cited as authority for the trial court's inherent authority to dismiss a case for failure to prosecute it with due diligence even without statutory or rule authority (i.e., Rule 165a(1) & (2)). *See Veterans' Land Board v. Williams,* 543 S.W.2d 89, 90 (Tex.1976); *City of Houston v. Thomas,* 838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.] 1992, no writ); *City of Houston v. Robinson,* 837 S.W.2d 262, 264 (Tex. App.—Houston [1st Dist.] 1992, no writ); *Ozuna v. Southwest Bio-Clinical Laboratories,* 766 S.W.2d 900, 901 (Tex.App.—San Antonio 1989, writ denied).

To allow a plaintiff to circumvent the verification requirements of Rule 165a(3) by merely changing the caption of his motion would be contrary to the purpose of the rule, as well as inconsistent with the general principle that motions are judged by their substance rather than their titles. *See State Bar of Texas v. Heard,* 603 S.W.2d 829, 833 (Tex.1980); *McCurry v. Aetna Casualty and Surety Co.,* 742 S.W.2d 863, 866 (Tex.App.—Corpus Christi 1987, writ denied); *English v. Fischer,* 632 S.W.2d 163 (Tex.App.—Corpus Christi 1982, no writ); Tex.R.Civ.P. 71. The requirement of a verified motion to reinstate is meaningless if the same general relief may be requested by filing an unverified motion for new trial.

■ Therefore, we hold that the provisions of Rule 165a require such a motion to be verified, regardless of what label the plaintiff chooses to put on it. In the present case, the absence of a verification on the Plaintiff's Motion to Reinstate and for New Trial rendered that motion ineffective to extend the trial court's jurisdiction over the dismissal beyond thirty days.

We conditionally grant a writ of mandamus directing the trial court to vacate its orders granting new trial and reinstatement and any subsequent orders purporting to exercise jurisdiction over the underlying lawsuit. However, the writ will not issue unless the trial court fails to comply with this opinion.