# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00108-CV

**Sierra Club and Downwinders at Risk, Appellants**

**v.**

**Texas Commission on Environmental Quality and TXI
Operations, L.P., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. 99-06479, HONORABLE PAUL DAVIS, JUDGE PRESIDING

## O P I N I O N

Sierra Club and Downwinders at Risk appeal the dismissal for want of prosecution of their suit for judicial review of an order of the Texas Commission on Environmental Quality.[1] The Commission moves to dismiss this appeal for want of jurisdiction, contending that appellants failed to file their notice of appeal timely; TXI Operations, L.P. concurs with the Commission's arguments in its brief and oral argument. We will grant the Commission's motion and dismiss the appeal.

---

[1] The Texas Commission on Environmental Quality was known as the Texas Natural Resources Conservation Commission during earlier stages of this cause.

## BACKGROUND

Appellants filed this cause in June 1999, challenging the Commission's grant of a permit to TXI to burn solid waste in its cement kilns near Midlothian, Texas. The district court dismissed the case for want of jurisdiction; this Court reversed the dismissal, and the supreme court affirmed this Court's decision. *See Sierra Club v. Texas Natural Res. Conservation Comm'n*, 26 S.W.3d 684 (Tex. App.—Austin 2000), *aff'd*, 70 S.W.3d 809, 815 (Tex. 2002). The supreme court's opinion is dated February 21, 2002. *Sierra*, 70 S.W.3d at 809.

The district court's docket sheet notes the supreme court's mandate remanding the cause on May 28, 2002. On October 23, 2002, TXI filed a petition in intervention and a plea to the jurisdiction. More than a year later, on November 26, 2003, appellants filed a motion to strike TXI's intervention and a response to TXI's plea to the jurisdiction.

On December 9, 2003, the Commission moved to dismiss this case for want of prosecution. Appellants responded and argued against the motion at a hearing before the district court, contending they had filed a motion and were ready to pursue the case. On January 7, 2004, the district court granted the Commission's motion and dismissed appellants' cause for want of prosecution. On January 9, 2004, appellants filed an unverified motion to reconsider the order of dismissal. After a hearing on the motion, the district court denied the motion to reconsider without stating a basis. On February 24, 2004, appellants filed a notice of appeal.

## DISCUSSION

The Commission urges that we dismiss this appeal for want of jurisdiction because appellants' notice of appeal was untimely. A notice of appeal generally must be filed within 30 days

after the judgment or appealable order is signed, unless the appellant files a motion that extends the filing period to 90 days. Tex. R. App. P. 26.1. These period-extending motions include a motion for new trial, a motion to modify the judgment, and a *verified* motion to reinstate a case dismissed for want of prosecution. *Id*. 26.1(a); *see also* Tex. R. Civ. P. 165a(3) (motion to reinstate must be verified). The Commission contends that appellants' notice of appeal was due within 30 days of the dismissal order because appellants' motion to reconsider—which was actually a motion to reinstate—was not verified. The Commission argues that appellants' notice of appeal, filed 48 days after the dismissal order, was untimely.

Appellants contend that their motion to reconsider was not a motion to reinstate pursuant to Texas Rule of Civil Procedure 165a(3) because the district court did not initiate the 165a process by apprising them of its intent to dismiss, citing *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630-33 (Tex. 1999). They also contend that the reinstatement procedures of 165a(3) do not apply because their case was not dismissed for failure to appear, citing *Ozuna v. Southwest Bio-Clinical Lab.*, 766 S.W.2d 900, 903 (Tex. App.—San Antonio 1989, writ denied) ("We hold that Rule 165a(3)'s reinstatement provision, quoted above, applies only to dismissals for failure to appear at a trial or other hearing."). Appellants contend that their motion was intended to counter the assertion that particular statutes[2] mandated dismissal; they assert that the motion contained arguments not discussed in previous documents. Appellants assert that the Texas Supreme Court has held that any post-judgment motion that would result in a substantive change in the

---

[2] *See* Tex. Health & Safety Code Ann. § 382.032(d) (West 2001); Tex. Water Code Ann. § 5.353 (West 2000).

3

judgment of the trial court will extend the time for perfecting an appeal. *See Gomez v. Texas Dep't of Criminal Justice*, 896 S.W.2d 176, 177 (Tex. 1995). They rely on a holding that a motion to reconsider is the equivalent of a motion to modify the judgment, which extends the appellate deadlines. *See Padilla v. LaFrance*, 907 S.W.2d 454, 458 (Tex. 1995).

Contrary to appellants' arguments, the rule 165a reinstatement procedure applies to all dismissals for want of prosecution, regardless of whether they are initiated by the court or motion of a party. Tex. R. Civ. P. 165a(4). Although the dismissal and reinstatement procedures described in the rules of civil procedure are cumulative of other rules and laws, *id.*, a motion for reinstatement is the only remedy available to a party whose case is dismissed for want of prosecution. *See Gilbert v. Huber, Hunt, Nichols, Inc.*, 671 S.W.2d 869, 870 (Tex. 1984); *City of McAllen v. Ramirez*, 875 S.W.2d 702, 704-05 (Tex. App.—Corpus Christi 1994, orig. proceeding).

Nothing about this case provides an exception to the rule 165a procedures. The Commission's motion apprised appellants of the potential bases for dismissal, appellants argued in writing and by counsel at the hearing and argued against those bases, and the court granted the motion on at least one of those bases. This case is not controlled by *Villarreal*, in which the court initiated the dismissal proceedings and dismissed on a basis not contained in the notice of dismissal. 994 S.W.2d at 631-33. The holding in *Ozuna* that a certain passage in rule 165a(3) applies only to causes dismissed for failure to appear does not provide a blanket exception from all of the provisions of rule 165a(3) for causes dismissed for other reasons; that court held only that the requirement that courts reinstate causes after a showing of lack of intent or conscious indifference is limited to cases concerning failure to appear. *See Ozuna*, 766 S.W.2d at 902-03. The *Ozuna* opinion does not

4

address cases dismissed for lack of diligence, and does not address the requirement that a motion to reinstate following a dismissal for want of prosecution be verified. *See id*.

The verification requirement does not depend on the caption given to the post-judgment motion seeking to undo a dismissal for want of prosecution. *See* Tex. R. Civ. P. 165a(3); *Harrison v. City of New Braunfels*, No. 03-02-00645, 2004 Tex. App. LEXIS 2031, at \*12 n.6 (Tex. App.—Austin March 4, 2004, no pet.) (mem. op.); *Ramirez*, 875 S.W.2d at 705. As the Corpus Christi court wrote, "To allow a plaintiff to circumvent the verification requirements of Rule 165a(3) by merely changing the caption of his motion would be contrary to the purpose of the rule, as well as inconsistent with the general principle that motions are judged by their substance rather than their titles." *Ramirez*, 875 S.W.2d at 705. Because motions to reinstate cases dismissed for want of prosecution must be verified, appellants' reliance on the interchangeability of post-judgment motions in other scenarios is misplaced. *See, e.g., Padilla*, 907 S.W.2d at 458 (relating motions to reconsider and to modify judgment in summary-judgment case); *Gomez*, 896 S.W.2d at 177 ("bill of review" seeking to change judgment extended appellate deadlines).

An unverified motion to reinstate does not extend the time for filing a notice of appeal. *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986); *Downs v. Texas Bd. of Pardons & Paroles*, No. 03-97-00331-CV, 1998 Tex. App. LEXIS 4621, at \*3 (Tex. App.—Austin July 30, 1998) (not designated for publication); *cf. In re Garcia*, 94 S.W.3d 832, 833 (Tex. App.—Corpus Christi 2002, orig. proceeding) (unverified motion to reinstate is nullity); *see also McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990).

The inescapable and determinative facts of this appeal are that the district court dismissed the case for want of prosecution and that appellants filed their notice of appeal 48 days later. Appellants' "Motion to Reconsider Order of Dismissal" sought reinstatement of their case after its dismissal for want of prosecution. This motion to reinstate had to be verified. *See* Tex. R. Civ. P. 165a(3); *Ramirez*, 875 S.W.2d at 705. It was not. Because the motion was not verified, the notice of appeal was due 30 days after the dismissal order was signed. *See* Tex. R. App. P. 26.1(a); *Butts*, 705 S.W.2d at 697. Instead, the notice of appeal was filed after the expiration of both the 30-day filing period for the notice of appeal and the additional 15-day period for filing the motion to extend time to file the notice. *See* Tex. R. App. P. 26.1, 26.3. This untimely notice of appeal did not invoke our jurisdiction. *See Butts*, 705 S.W.2d at 697.

## CONCLUSION

Because we conclude that we lack jurisdiction over this appeal, we grant the Commission's motion and dismiss this appeal.

_____

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear;
    Justice Kidd Not Participating

Dismissed for Want of Jurisdiction

Filed:   January 21, 2005

6