NO. 07-06-0127-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 24, 2006

_____

THE STATE OF TEXAS, APPELLANT

V.

1997 FORD EXTENDED CAB PICKUP
VIN: IFTDX17W7VKB79078 THREE THOUSAND
NINE HUNDRED AND EIGHTY-ONE DOLLARS (3,981.00), APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 92,455-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

The State of Texas appeals the dismissal for want of prosecution of a suit for forfeiture of a vehicle and cash brought under Chapter 59 of the Code of Criminal Procedure. We dismiss the appeal for want of jurisdiction.

The State seized the property at issue in July 2004 after a series of purchases of controlled substances by undercover police officers. It filed its original petition in this action in August 2004, and obtained personal service on one claimant and a default judgment

against her. The State obtained service on the second claimant by publication in April 2005, and an attorney was appointed for that claimant three months later. On December 5, 2005, the trial court set a hearing on the State's motion for judgment for January 24, 2006.

When the State's attorney failed to appear at the hearing, the trial court dismissed the case the same day. The State sought reinstatement in a document entitled Motion for New Trial in which counsel explained his failure to appear was due to his oversight in failing to recognize a scheduling conflict. The court held a hearing on the motion February 15, 2006, at which the trial judge inquired into the calendaring procedures maintained by the prosecutor's office. On being informed that the office did not maintain a central calendar, the judge informed counsel he would grant the motion if counsel showed a central calendar had been established in the following week. A March 13 letter from counsel recited his efforts to comply with the court's directive but stated he had been unsuccessful. Counsel also stated he had never previously missed a hearing and had been late only on one occasion in thirteen years of practice.

A reply from the trial judge the following day correctly characterized the motion for new trial as a motion seeking reinstatement under Rule of Civil Procedure 165a. He concluded his power to act on the motion was limited to a period of 30 days after the dismissal and the expiration of that period precluded the grant of the State's motion.

Rule of Civil Procedure 165a authorizes a trial court to dismiss a civil case for want of prosecution when a party seeking affirmative relief fails to appear at a hearing or trial of

2

which the party had notice. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 (Tex. 2004) (applying rule).

Rule 165a(3) governs reinstatement of the action when the dismissal is based on the failure to appear. *Clark v. Yarbrough*, 900 S.W.2d 406, 408-09 (Tex.App.--Texarkana 1995, writ denied). That rule requires a timely motion to reinstate which sets forth the grounds on which it is based and is verified. The verification requirement may not be avoided by designating the motion as one for a new trial. *City of McAllen v. Ramirez*, 875 S.W.2d 702, 705 (Tex.App.--Corpus Christi 1994, no writ). A verified motion to reinstate extends the trial court's plenary power. *Polk v. Southwest Crossing Homeowners Ass'n*, 165 S.W.3d 89, 95 (Tex.App.–Houston [14th Dist.] 2005, pet. denied). An unverified motion does not extend the trial court's plenary power or the time for perfecting appeal. *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986). In the absence of verification, the State's motion was not effective to extend the time for perfecting appeal and its April 11, 2006 notice of appeal was untimely. TEX. R. APP. P. 26.1. Our authority on appeal is dependent on a timely notice of appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (applying former rule). Accordingly, we dismiss the appeal for want of jurisdiction.


James T. Campbell
Justice


3