**Dismissed and Memorandum Opinion filed February 24, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00031-CV

### BRANDON WATSON, Appellant

### V.

### MEGHAN CLARK, Appellee

**On Appeal from the 311th District Court
Harris County, Texas
Trial Court Cause No. 2012-50546**

# MEMORANDUM OPINION

In this appeal the appellant challenges the trial court's dismissal of the case for want of prosecution. We dismiss the appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/petitioner Meghan Clark and appellant/respondent Brandon Watson are parents of two daughters. Clark initiated a suit affecting the parent-child relationship. The parties entered into a mediated settlement agreement five

days before trial was scheduled. The mediator filed a mediation disposition report a few days later, stating that the parties had settled the case. Watson failed to appear for trial and within days the trial court dismissed the case for want of prosecution.

Watson filed a motion to enter an order on the mediated settlement agreement. Watson also filed a motion to reinstate the case, but the motion was not verified and it did not contain an affidavit. The only document attached to the motion was a copy of the mediated settlement agreement. The trial court denied Watson's request to reinstate the case. Watson filed a notice of appeal, appealing from the order dismissing the case for want of prosecution.

## II.    JURISDICTIONAL ANALYSIS

Watson raises two issues on appeal, but we do not reach the merits of either issue because we conclude that this court lacks jurisdiction over the appeal.

At the core of the jurisdictional inquiry is whether Watson timely filed his notice of appeal, which is necessary to vest this court with jurisdiction. *See Crites v. Collins*, 248 S.W.3d 839, 840 (Tex. 2009); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). An appellate court generally has jurisdiction over a case if a notice of appeal is filed within thirty days after the judgment is signed unless one of the deadline-extending circumstances listed in Texas Rule of Appellate Procedure 26.1 is present. *See* Tex. R. App. P. 26.1; *Goldberg v. Zinn*, No. 14-11-01091-CV, 2013 WL 2456869, at *3 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (mem. op.). Under Rule 26.1(a), the deadline to perfect an appeal is extended to ninety days after the judgment is signed if a party timely files a motion to reinstate under Texas Rule of Civil Procedure 165a. Tex. R. App. P. 26.1; *Ameriquest Mortg. Co. v. Marron*, No. 14-13-00340-CV, 2013 WL 2444602, at *1–2 (Tex. App.—Houston [14th Dist.] 2013, pet. denied)

(mem. op.).

The trial court signed its judgment dismissing the case for want of prosecution on October 22, 2013. On November 14, 2013, Watson filed a motion to enter judgment on the mediated settlement agreement and three minutes later filed a motion to reinstate the case. The trial court signed the order denying Watson's motion to reinstate the case on January 7, 2014.

A trial court has plenary power to reinstate a case on its own motion within thirty days after the order of dismissal is signed. *South Main Bank v. Wittig*, 909 S.W.2d 243, 244 (Tex. App.—Houston [14th Dist.] 1995, no pet.). The period of plenary power may be extended if a party files an appropriate post-judgment motion. *Lane Bank Equip. Co. v. Smith Southern Equip., Inc.*, 10 S.W.3d 308, 309 (Tex. 2000). A motion for reinstatement is the only remedy available to a party whose case has been dismissed for want of prosecution. *See Sierra Club v. Texas Comm'n on Environmental Quality*, 188 S.W.3d 220, 222 (Tex. App.—Austin 2005, no pet.) (holding that appellant's unverified motion to reconsider constituted an unverified motion to reinstate because it was filed after case dismissed for want of prosecution).

If timely filed, a verified motion to reinstate extends the trial court's plenary power until thirty days after the motion is overruled, either by a written, signed order or by operation of law. *Id.* An unverified motion to reinstate does not extend the trial court's plenary jurisdiction.[1] *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (holding that unverified motion to reinstate does not extend trial

---

[1] The Supreme Court of Texas called this precedent into question in its opinion in *Guest v. Dixon* and decided its opinion "[a]ssuming that the rule in *Butts* and *McConnell* survives our later cases." 195 S.W.3d 687, 688–89 (Tex. 2006) (per curiam). This court, of course, is bound to follow the rule stated in *Butts* and *McConnell* unless and until the high court upends those decisions. *See Ameriquest Mort. Co.*, 2013 WL 2444602, at *1.

court's jurisdiction to hear case); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986) (holding that unverified motion to reinstate did not extend time to perfect appeal); *Ameriquest Mortg. Co.*, 2013 WL 2444602, at *1– 2.

Texas Rule of Civil Procedure 165a(3) requires a motion to reinstate to be verified by the movant or the movant's attorney. Tex. R. Civ. P. 165a(3); *Guest v. Dixon*, 195 S.W.3d 687, 688–89 (Tex. 2006); *Ameriquest Mortg. Co.*, 2013 WL 2444602, at *1–2. In *Guest*, the Supreme Court of Texas determined that a motion to reinstate could be verified by an attorney's affidavit. *See* 195 S.W.3d at 688.

In response to this court's notice of intent to dismiss for lack of jurisdiction over this appeal, Watson argues that his motion to enter an order on the mediated settlement agreement is an appropriate post-judgment motion that extended the time-table for filing a notice of appeal. In the context of a dismissal for want of prosecution, a post-judgment motion in which a movant seeks alternative relief requires the trial court to reinstate the case. *See Sierra Club*, 188 S.W.3d at 222. Sister courts of appeals have held that post-judgment motions for new trial or for reconsideration filed after the trial court signs a judgment dismissing the case for want of prosecution constitute motions to reinstate. *See id.*; *City of McAllen v. Ramirez*, 875 S.W.2d 702, 704–05 (Tex. App.—Corpus Christi 1994, no pet.) (holding that there is no practical difference between a motion to reinstate and a motion for new trial in the context of a case dismissed for want of prosecution because both motions requested reinstatement of the case).

But, Watson's motion to enter judgment was unverified. The verification requirement does not depend on the caption given to the post-judgment motion seeking to undo a dismissal for want of prosecution. *See Sierra Club*, 188 S.W.3d at 222. This court and others have held that it is necessary to construe post-

4

judgments motions seeking alternative relief as motions to reinstate to preclude parties from circumventing the verification requirements of Rule 165a(3) through artful filing. *See Ameriquest Mortg. Co.*, 2013 WL 2444602, at *2 n.3 (holding that treating a motion to retain as a motion for new trial instead of motion to reinstate would be inconsistent with the requirement that motion to reinstate be verified); *Sierra Club*, 188 S.W.3d at 222; *Ramirez*, 875 S.W.2d at 705.

Watson filed two motions, three minutes apart. The first motion is an unverified motion to reinstate the case. The second motion is an unverified motion to enter judgment on the mediated settlement agreement. In the context of this case, both motions effectively request that the trial court reinstate the case and then enter judgment on the mediated settlement agreement.[2] Watson did not file an affidavit in support of either motion requesting that the trial court reinstate the case. Because Watson did not file a verified motion to reinstate the case within thirty days of the signing of the order of dismissal, the trial court's jurisdiction expired at the end of this time period. *See McConnell*, 800 S.W.2d at 194; *Butts*, 705 S.W.2d at 697. The trial court lacked jurisdiction to issue an order denying Watson's motion to reinstate the case; therefore, the trial court's order denying Watson's motion to reinstate is void. *See McConnell*, 800 S.W.2d at 194.

Watson filed his notice of appeal on January 8, 2014, a date more than thirty days after the trial court signed its order dismissing the case for want of prosecution. Under the facts and circumstances of this case, Watson's notice of appeal is timely only if he properly filed a motion to reinstate the case. The

---

[2] Construing Watson's motion to enter judgment on the mediated settlement agreement as a motion for new trial, or a motion to vacate, modify, correct, or reform the judgment, would be inconsistent with both the holding in *Butts* requiring verification of motions that request that the trial court reinstate a case and inconsistent with this court's binding precedent. *See Ameriquest Mort. Co.*, 2013 WL 2444602, at *2, n.3.

Supreme Court of Texas has held that an unverified motion to reinstate does not extend the appellate timetable. *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986); *see also McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990). Because of this defect, Watson's motion to reinstate did not lengthen the time he had to appeal. With no extended deadline, Watson's notice of appeal is untimely because he did not file it within forty-five days of the trial court's order dismissing the case. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (Tex. 1997) (holding that motion for extension of time is implied when a party, acting in good faith, files an instrument to perfect appeal within the fifteen-day period permitted by the predecessor to Texas Rule of Appellate Procedure 26.3).[3]

Because Watson did not timely file his notice of appeal, this court lacks appellate jurisdiction. *See Ameriquest Mortg. Co.*, 2013 WL 2444602, at *1–2; *Goldberg v. Zinn*, 2013 WL 2456869, at *3.

### III.  CONCLUSION

Watson did not timely file his notice of appeal. Therefore, this court lacks jurisdiction over the appeal. Accordingly, we dismiss the appeal for lack of appellate jurisdiction.

/s/      Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby.

---

[3] Watson has not filed a notice of restricted appeal. *See* Tex. R. App. P. 26.1(c).