**Affirmed and Memorandum Opinion filed July 16, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00443-CV

**ANTONIO SEPEDA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 14-CV-0014**

## M E M O R A N D U M   O P I N I O N

Appellant Antonio Sepeda asserts that the trial court erred in dismissing for want of prosecution his petition for expunction of his criminal records. In four issues, Sepeda contends the trial court erred by (1) dismissing his petition for want of prosecution, (2) refusing to provide requested findings of fact and conclusions of law, (3) failing to hold the required hearing on his motion to reinstate, and (4) denying his constitutional right to access the courts of this state. We affirm.

BACKGROUND

In January 2014, Sepeda, a pro se inmate incarcerated in the Institutional Division of the Texas Department of Criminal Justice, filed petitions for expunction of criminal records pursuant to Texas Code of Criminal Procedure article 55.01. Our record contains only one petition for expunction on Sepeda's arrest for assault of a family member, although his cover letter indicates that he filed multiple petitions. According to this petition, the charges on this misdemeanor arrest had been previously dismissed. Sepeda also filed a declaration of inability to pay costs. The Galveston County District Clerk immediately responded to Sepeda's petitions, providing a letter that explained:

> The above referenced causes of action were filed on January 6, 2014. Your cover letter did not request any setting to be scheduled by the respective courts, nor did you request the clerk of court to issue service if any, when a hearing has been scheduled.
>
> If you request a hearing on each of the above matters please make sure you file such request in EACH case independently as they are separate causes of action. Also, you will need to provide service addresses for the agencies listed as Data Services and AIS. You must file any service request in each case respectively. You must provide the clerk of court with 12 copies of each of the 4 petitions you filed. A copy is required for attachment to any Notice of Hearing the clerk is requested to issue

On January 21, Sepeda responded to this notification by requesting free service because of his indigent status and asked the district clerk "to present the following Motions to the Trial Court for a rulings [sic]. (Petitioner's motion to attend hearing by telephone conference call or other effective means.)" The attached motion to attend hearing provides, "Petitioner asks the court, should it determine that his presence is necessary at the hearing for expungment [sic], that the court allow him to attend hearing by telephone conference call, or any other effective means." Sepeda also filed a "Motion and Notice of Motion for Judicial

2

Notice of Facts," in which he requested an "Order of enforcement of rule that appl[ies] to inmates being indigent," seeking free copies and service to all parties of interest. Finally, Sepeda filed a motion to consolidate his petitions for expunction under a single cause number. No ruling on any of these motions is contained in our record.

Nearly three months later, on April 14, the trial court signed an "Order of Setting Hearing on Dismissal Docket." The trial court ordered "a hearing on [Sepeda's] cause for Dismissal for Want of Prosecution" set on May 14. This order stated that Sepeda's cause would be dismissed for want of prosecution and required that all parties appear. The order stated that Sepeda should show the court why the case should be retained. In response, Sepeda filed a request to retain his case on the trial court's docket, asserting that there was good cause to retain his case because (a) he had filed his petition pro se and *in forma pauperis*, along with the appropriate certification regarding his indigent status, (b) the court did not contest his indigency, and (c) he requested that the district clerk "waive" the cost of copies and "notify all parties in this matter." He further urged that he had been diligent in pursuing matters with the court, that his petition should be liberally construed, that the misdemeanor indictments he was seeking to have expunged had been dismissed, and that he, as a prisoner, has a fundamental right to access the courts. In his prayer for relief, Sepeda asked the court to grant him "an extension to provide the extra copies in order for the Clerk to fullfill [sic] the serve [sic] process on interested parties" and to retain his case. Nowhere in his response did Sepeda request to attend the dismissal hearing, whether by telephone or otherwise.

On May 20, the trial court signed a dismissal order, which stated that the case had been placed on the dismissal docket, no party appeared at the May 14 hearing, and the case was dismissed for want of prosecution. On June 9, Sepeda

3

filed a motion to reinstate,[1] a request for findings of fact and conclusions of law, a motion to attend any hearing by telephone,[2] and a notice of appeal. No findings and conclusions were signed by the trial court. This appeal followed.

## ANALYSIS

### A. Dismissal for Want of Prosecution

In his first issue, Sepeda asserts that the trial court erred by dismissing his expunction petition for want of prosecution.[3] We will reverse a trial court's dismissal for want of prosecution only if the court clearly abused its discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex.1997) (per curiam). A trial court's power to dismiss a case for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a; and (2) the trial court's inherent authority to manage its own docket. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Gantt v. Getz*, No. 14–10–00003–CV, 2011 WL 1849085, *4 (Tex. App.—Houston [14th Dist.] May 12, 2011, no pet.) (mem. op.). As is relevant here, under Rule 165a, a court may dismiss a case for the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had

---

[1] Although this motion is entitled "Plaintiff's Verified Motion to Reinstate," it was not properly verified. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(d) (providing requisites for inmate's unsworn declaration) and discussion below.

[2] Our record does not contain any rulings on these motions.

[3] Sepeda asserts in his brief that he filed his expunction petition, requested that notice be issued as required by law, and requested that the trial court conduct a hearing 30 days from the filing. However, nothing in our record supports his assertions that he requested the trial court to notify anyone or conduct a hearing on his expunction petitions. Instead, in his petition, Sepeda suggested that the offense for which he had been arrested had been dismissed because the complainant had dropped the charges and that he "believed" he was entitled to expunction of this arrest record because it did not result in a final conviction. He listed several officials or agencies that might have records of this offense and asked the court to order all these officials or agencies to expunge the records pertaining to the charge.

4

notice." Tex. R. Civ. P. 165a(1); *see also Villarreal*, 994 S.W.2d at 630; *Gantt*, 2011 WL 1849085, at \*4.

Texas Code of Criminal Procedure article 55.02 requires that the trial court set a hearing on an expunction petition and give "reasonable notice of the hearing" to officials, agencies, or governmental entities named in the petition. *See* Tex. Code Crim. Pro. Ann. art. 55.02, § 2. But on appeal, Sepeda does not urge that the trial court erred by failing to set his *expunction* petition for a hearing, nor did he make that argument below. We may not reverse a judgment in a civil case based on unassigned error. *See Pat Baker Co. v. Wilson,* 971 S.W.2d 447, 450 (Tex. 1998) (per curiam); *Izaguirre v. Rivera*, No. 14-12-00081-CV, 2012 WL 2814131, at \*2 (Tex. App.—Houston [14th Dist.] July 10, 2012, no pet.) (mem. op.). Thus, to the extent the trial court erred by placing Sepeda's case on the dismissal docket, Sepeda has failed to assign error, and we may not consider this error as a ground for reversing the trial court's judgment.

Instead, Sepeda complains that the trial court dismissed his case for want of prosecution without conducting an oral hearing: "Before dismissing a case for want of prosecution A COURT SHOULD CONDUCT A ORAL HEARING AND GIVE THE PLAINTIFF THE OPPORTUNITY to present evidence." But "[a]ll that Rule 165a(1) requires is notice of intent to dismiss and of a date, time, and place for the hearing." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 852 (Tex. 2004). The setting of Sepeda's case on the trial court's dismissal docket met these requirements. And in response to his case being set on the dismissal docket, Sepeda did not request to attend the dismissal hearing via telephone, bench warrant, or other means. *See, e.g., In re D.D.J.*, 136 S.W.3d 305, 314 (Tex. App.—Fort Worth 2004, no pet.) (holding that trial court abused its discretion by failing to consider the appellant's request to participate at trial by alternative

means). Instead, as noted above, Sepeda filed a motion to retain in which he asserted there was "good cause" to retain his case, with no reference to article 55.02 whatsoever or any indication that the trial court was required to set a hearing on his expunction petition.[4]

In short, the notice the trial court sent to Sepeda provided that his cause was being set on the dismissal docket and that a hearing would be held on May 14, 2014, at 9:00 a.m. The court notified Sepeda that his case "will be dismissed for Want of Prosecution" and that "[a]ll parties must appear." And it is undisputed that Sepeda had proper notice of the May 14 dismissal hearing and failed to appear. To the extent the trial court may have erred by placing Sepeda's case on the dismissal docket, nothing in our record indicates that Sepeda informed the trial court of this error, nor has Sepeda complained of this error on appeal. *See* Tex. R. App. P. 33.1(a) (generally, to present a complaint for appellate review, record must show that the complaint was made to the trial court by timely request, objection, or motion stating with sufficient specificity the grounds for relief sought and that the trial court ruled on the complaint, either expressly or implicitly); *Izaguirre*, 2012 WL 2814131, at *2 (appellate court may not reverse civil judgment on unassigned error).

Under these circumstances, we conclude that the trial court did not abuse its discretion in dismissing Sepeda's case for the failure to appear. *See* Tex. R. Civ. P.

---

[4] As discussed *supra*, in response to the district clerk's notification that Sepeda had not set any of his expunction petitions for a hearing, Sepeda requested that he be permitted to attend the *expunction* hearing by telephone conference call or "other effective means" and asked that the clerk provide free copies of his petitions for service on the responding parties. He made no reference to article 55.02's requirements. This response was filed well before the trial court placed Sepeda's case on its dismissal docket, and nothing in our record indicates that Sepeda requested that he be permitted to attend the *dismissal* hearing via alternate means.

6

165a(1); *Villareal*, 994 S.W.2d at 630; *Gantt*, 2011 WL 1849085, at *4. We overrule Sepeda's first issue.

## B. Findings of Fact and Conclusions of Law

In issue two, Sepeda urges that the trial court abused its discretion by failing to sign findings of fact and conclusions of law. In his brief, Sepeda asserts that he filed a notice of past due findings and conclusions. However, although the record reflects that Sepeda filed a request for findings and conclusions, it does not contain any notice of past due findings of fact and conclusions of law. *See* Tex. R. Civ. P. 297. Because our record does not reflect that Sepeda filed a notice of past due findings and conclusions, Sepeda has waived the right to complain about the trial court's failure to file such findings and conclusions. *See Haley v. Harris Cnty.*, No. 14-11-01051-CV, 2012 WL 4955257, at *4 (Tex. App.—Houston [14th Dist.] Oct. 18, 2012, no pet.) (mem. op) (citing *Curtis v. Comm'n for Lawyer Discipline*, 20 S.W.3d 227, 232 (Tex. App.—Houston [14th Dist.] 2000, no pet.)). We thus overrule Sepeda's second issue.

## C. Motion to Reinstate

In his third issue, Sepeda contends the trial court erred by failing to hold "the required hearing" on his motion to reinstate. A motion for reinstatement is the only remedy available to a party whose case has been dismissed for want of prosecution. *Watson v. Clark*, No, 14-14-00031-CV, 2015 WL 780563, at *1 (Tex. App.—Houston [14th Dist.] Feb. 24, 2015, no pet.) (citing *Sierra Club v. Tex. Comm'n on Envtl. Quality,* 188 S.W.3d 220, 222 (Tex. App.—Austin 2005, no pet.)). A motion to reinstate must "set forth the grounds therefor and be verified by the movant or his attorney. . ." Tex. R. Civ. P. 165a(3). Sections 132.001 and 132.002 of the Texas Civil Practice & Remedies Code permit inmates to file unsworn declarations that follow a prescribed form. *See* Tex. Civ. Prac. & Rem.

7

Code Ann. § 132.002(c), (e). The unsworn inmate declaration must (1) be in writing, (2) include a jurat in a particular form,[5] and (3) be subscribed by the person making the declaration as true under penalty of perjury. *See id.*

Sepeda's motion for reinstatement was not verified or otherwise accompanied by a proper unsworn declaration. The trial court, therefore, did not abuse its discretion by not considering his motion to reinstate. *Cf. McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1991) (per curiam) (orig. proceeding) (trial court abused its discretion when it granted unverified motion to reinstate). Accordingly, we overrule Sepeda's third issue.

### D. Access to Courts

Finally, in Sepeda's fourth issue, he asserts the trial court abused its discretion by denying his constitutional right to access the courts. It appears in this issue that Sepeda urges that the trial court was required to (1) hold a hearing before

---

[5] An unsworn declaration made by an inmate must include a jurat in substantially the following form:

"My name is __(First) (Middle) (Last)__ my date of birth is _____, and my inmate identifying number, if any, is _____. I am presently incarcerated in __(Corrections unit name)__ in __(City)__, __(County)__, __(State) (Zip Code)__. I declare under penalty of perjury that the foregoing is true and correct. Executed on the _____ day of __(Month)__, __(Year)__.

                                    _____
                                    Declarant"

Tex. Civ. Prac. & Rem. Code Ann. § 132.001(e).

Sepeda included some of this requisite information at the beginning of one of the documents attached to his motion to reinstate, but he failed to sign that declaration. Instead, he signed the following statement: "I Antonio Sepeda TDCJ #469585 certify and declare that issues and statements are part to this suit, Sepeda states he was diligence in prosecuting his suit. [A]ll the same are true and correct. Executed on 03 day of June 2014." This declaration does not meet the requirements for an unsworn declaration under Chapter 132.

8

dismissing his case and (2) permit him to attend and present evidence at this hearing: "Appellant did not recei[]ve an opportunity to be heard nor to present evidence in his favor that he was diligently in prosecuting his suit, and the trial court acted arbit[r]arily, unreasonably, or without references to guiding principles." But an inmate's right to access the courts does not entail the right to personally appear for every proceeding. *Ex parte Cephus*, 410 S.W.3d 416, 421 (Tex. App.— Houston [14th Dist.] 2013, no pet.) (citing *In re Z.L.T.*, 124 S.W.3d 163, 164 (Tex. 2003)). And here, as noted above, Sepeda failed to request to appear in person or by telephone in his motion to retain. *Cf. In re Z.L.T.*, 124 S.W.3d at 166 ("[S]ince a prisoner has no absolute right to be present in a civil action, it follows that the prisoner requesting a bench warrant must justify the need for his presence."). By failing to move to appear via bench warrant or by telephone, Sepeda did not "justify the need for his presence" at any hearing. *See id.* Further, to the extent that Sepeda urges error in the trial court's failure to hold a hearing or permit his attendance on the basis of his unverified motion to reinstate, we have already determined that the trial court did not abuse its discretion in failing to consider that motion.

In short, Sepeda failed to make the required showing that his presence was necessary at any hearing, and the trial court was not "required, on its own, to seek out the necessary information." *See id.* Thus, the trial court did not "abuse its discretion" by denying Sepeda the right to access the courts in light of the failure of Sepeda to show that his presence was necessary at any hearing. We overrule Sepeda's fourth and final issue.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.


/s/    Sharon McCally
Justice


Panel consists of Justices Boyce, McCally, and Donovan.

10