# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00040-CV

---

**Lucy Yang, Appellant**

**v.**

**Thomas Lyons, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 5 OF WILLIAMSON COUNTY
### NO. 23-1906-CC5, THE HONORABLE WILL WARD, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's order of dismissal of an attempted appeal from the justice court. The attempted appeal was dismissed when the county court concluded that Lucy Yang failed to pay the required costs of appeal within 20 days of being notified to do so by the Williamson County Court at Law's clerk's office as required by Rule 143a of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 143a. On appeal, Yang asserts that the trial court erred in dismissing her appeal after the clerk's office rejected her timely tender of the costs of appeal. We will reverse and remand.

### BACKGROUND

Thomas G. Lyons filed suit against Yang in justice court seeking damages in the amount of $20,000 to compensate him for damages he allegedly suffered because the pool and hot tub at a home he rented from Yang did not have a functioning heater. The case was tried to a

jury, which awarded Lyons $10,426 in damages and $700 in attorneys' fees. The trial court rendered judgment on the jury's verdict on November 1, 2023. On November 13, 2023, Yang's counsel filed the required $22,252 appeal bond in the justice court, which the justice court approved the same day. On November 21, 2023, the clerk of the Williamson County clerk notified Yang's counsel that "the cost to file the appeal is $350 and must be paid within 20 days upon receipt of this letter or the case will be returned to the [justice court]." Yang's counsel received the fee request letter on November 27. On November 30, Yang's counsel submitted payment of the requested fees to the clerk's office through the court's e-filing system. The system sent a confirmation to Yang's counsel that included the following "Fee Details":

| Fee Details | |
|---|---|
| Your account is never charged until your filing is accepted. If you see any pending charges on your account prior to acceptance, this is an authorization hold to ensure the funds are available so your filing can be accepted without delay.<br><br>If the filing is canceled or rejected these funds will be released and will return to your account according to your financial institution's policies (typically 3-10 business days). | |
| This envelope is pending review and fees may change. | |
| Case Fee Information | $10.12 |
| Payment Service Fees | $10.12 |
| Request | $0.00 |
| Amended Filing | $350.00 |
| • Optional Services | Fee Per Quantity |
| • Service - Constable - Writ (Precinct 1) | $200.00 1     $200.00 |
| • Service – Constable – All Other (Pct #1) | $150.00 1     $150.00 |
| **Total:$360.12** (The envelope still has pending filings and the fees are subject to change) | |

| Document Details | |
|---|---|
| **Lead Document** | 2023-11-30 Payment of Appellate Fee .pdf |
| **Lead Document Page Count** | 1 |

At the same time, Yang's counsel also submitted to the e-filing system a letter stating:

> The undersigned is in receipt of the Court's letter dated November 21, 2023, requesting payment of $350 for the appeal of the Lawsuit from JP Court No 1. Included with this filing is the $350 fee.
>
> If the Court requires any other payments or filings to perfect this appeal, please kindly advise the undersigned.

On December 1, the e-filing system generated a document stating that "The filing has been reviewed and returned for correction." The stated "Returned Reason" was "Document Addressed to Wrong Clerk/Location" and the "Returned Comment" stated: "This cannot be paid through e-file. Please call us at 512-943-1140 to pay by credit card over the phone. Thank you. KP."

On December 19, 2023, the county clerk sent Yang's counsel a Notice of Judgment in the case. The judgment, also dated December 19, stated:

> On the 21st day of November, 2023, a certified transcript of this case was received by the Williamson County Clerk for the purpose of perfecting the appeal to the County Court at Law of this county. The court finds that the Appellant Jacob Scheick attorney for Lucy Yang, Defendant has failed to perfect the appeal as required by law and this appeal should be dismissed.
>
> The Court, on its own motion, hereby dismisses the appeal and returns this case to the Justice Court, Precinct No. 1, Williamson County, Texas, for such further proceedings as may be required.

Upon receiving the notice, on December 21 Yang's counsel emailed the court, stating the following:

> I am writing to address a failed payment of appellate fees and asking the Court for relief in addressing this error in the above numbered case.

3

On November 30, 2023, I tendered payment for the appellate fees through the Court's e-file system. See e-file envelope and letter that was filed attached hereto.

I see now that the clerk rejected the filing, but I did not realize this until I received the attached December 19, 2023 communication from the clerk. I have contacted the clerk to try and work though this issue, and they have directed me to contact the Court. []

I attempted to pay the fee, and it was available for processing. I would ask that my client's case not be dismissed for this reason. No party will be prejudiced by allowing me to pay this fee now. []

My credit card for outstanding charges is Jacob Scheick [redacted credit card number] Exp. [redacted expiration date], the 3 digits on the card are [redacted CVS].

On December 22, Yang's counsel received an email from the court stating: "Good morning, The appeal was not perfected, and the case is disposed."

Yang then filed a "Motion for a New Trial," which we construe as a motion to reinstate the appeal. *See Sierra Club v. Texas Comm'n on Env't Quality*, 188 S.W.3d 220, 222 (Tex. App.—Austin 2005, no pet.) (stating general principle that motions are judged by their substance rather than their title). In the verified motion, counsel for Yang explained that he perfected her appeal by filing a bond in the appropriate amount on November 13, 2023, which was approved by the court the same day. *See* Tex. R. Civ. P. 506.1(h) ("An appeal is perfected when a bond, cash deposit, or Statement of Inability to Afford Payment of Court Costs is filed in accordance with this rule."). Yang's counsel further explained that, after receiving the notice from the court requesting payment of appellate fees, on November 30 he submitted payment via the court's e-file system accompanied by a letter explaining that the fee had been submitted. After the court rejected his filing, the clerk notified Yang's counsel that the case had been dismissed. Yang's counsel then contacted the clerk's office and tried to pay the fee and also sent

4

an e-mail to the clerk containing his credit card information for use to pay the fee. After a hearing, the court denied the motion on January 5, 2024.

On January 17, Yang filed a notice of appeal and requested that the clerk of the county court file the clerk's record with this Court. In a second verified motion filed with the court on January 31, while the county court retained its plenary power, Yang's counsel stated:

> On January 31, 2024, the County Clerk (and the same deputy clerk working for the County Clerk) processed payment for the clerk's record in this matter by charging the credit card the undersigned counsel had on file in the e-file system. This same card was on file in the e-file system as of November 30, 2023 and should have been charged in the same manner, as requested by the undersigned counsel at the time. The County Clerk's refusal to charge the card on file as of November 30, 2023, was an error on behalf of the County Clerk. [] The clerk's failure to process a tendered payment should not eliminate a party's opportunity to appeal.

Yang argued that these events demonstrated that "the County Clerk fail[ed] to process a payment [for appellate fees] that it had every ability and authorization to process." Yang requested that the court reconsider its previous order denying the motion to reinstate. The county court denied the motion to reconsider on February 5. This appeal followed.

## DISCUSSION

Texas Rule of Civil Procedure 506.1 governs appeals from justice courts to county courts. *See* Tex. R. Civ. P. 506.1. This rule provides, in relevant part:

(a) *How Taken; Time.* A party may appeal a judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs with the justice court within 21 days after the judgment is signed or the motion to reinstate, motion to set aside, or motion for new trial if any, is denied.

. . .

5

(h) *Appeal Perfected.* An appeal is perfected when a bond, cash deposit, or Statement of Inability to Afford Payment of Court Costs is filed in accordance with this rule.

(i) *Costs.* The appellant must pay the costs on appeal to a county court in accordance with Rule 143a.

*Id.* Rule 143a provides:

> If the appellant fails to pay the costs on appeal from judgment of a justice of the peace or small claims court within twenty (20) days after being notified to do so by the county clerk, the appeal shall be deemed not perfected and the county clerk shall return all papers in said cause to the justice of the peace having original jurisdiction and the justice of the peace shall proceed as though no appeal had been attempted.

*Id.* R. 143a. The county court apparently concluded that Yang "fail[ed] to pay the costs on appeal" within twenty days after being notified to do so, deemed the appeal "not perfected," and dismissed the appeal. However, it is apparent from the record that Yang's counsel did not "fail to pay" the costs on appeal but, rather, the county clerk failed to process the requested payment using a card that Yang's counsel had on file with the clerk's office in November 2023. As Yang's counsel's verified motion explains, the same clerk later processed a different request for payment of fees—for the clerk's record—using the card on file, explaining in an e-mail to Yang's counsel, "You have the request for the copies in e-file. I can add the fee by putting in 291 copies @ $1.00 each. It will get charged to whatever card you have for e-file. Thank you." There is no explanation or reason for the county clerk's failure to process the request to pay the appellate fees in the same manner; Yang's counsel had e-filed a payment submission and included with that request a letter indicating his desire that the $350 fee payment be processed.

Although we have not found any cases addressing this particular fact pattern, we find cases discussing e-filed documents generally to be instructive. Texas courts have "held that

6

[an] electronically filed document was deemed filed when it was successfully transmitted to the party's electronic service provider, even if the filing was not accepted due to a technical error, the filing party canceled the electronic filing before the document was received by the clerk, or the document was never forwarded to the clerk." *Hall v. Lewis*, 639 S.W.3d 197, 207-08 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (holding e-filed petition timely when it was transmitted on the last day of limitations but clerk rejected it); *see Whitelock v. Stewart*, 661 S.W.3d 583, 594 (Tex. App.—El Paso 2023, pet. denied) (holding e-filed motion for new trial timely even though clerk rejected filing due to formatting noncompliance); *Cummings v. Billman*, 629 S.W.3d 297, 302 (Tex. App.—Fort Worth 2020, no pet.) (holding that "when [a]ppellants transmitted their motion to reinstate to eFileTexas, it was deemed filed" even though appellants later canceled that electronic transaction); *Nevarez Law Firm, P.C. v. Investment Land Servs., L.L.C.*, 610 S.W.3d 567, 570-71 (Tex. App.—El Paso 2020) (op. on reh'g) (holding e-filed motion for new trial timely even though filing was initially rejected and was routed to wrong clerk), *op. on merits*, 645 S.W.3d 870 (Tex. App.—El Paso 2022, no pet.); *In re Barr*, No. 05-19-00511-CV, 2019 WL 2082468, at *1-2 (Tex. App.—Dallas May 13, 2019, orig. proceeding) (holding e-filed motion for new trial timely when it was "transmitted to [the] electronic filing service provider" before deadline even though clerk rejected it for insufficient fees and noncompliance). In the present case, Yang's counsel timely submitted a payment request, a method for processing the payment was available, and the clerk of the court failed to process the payment even after Yang's counsel sent an email containing his credit card payment information and again requesting processing of the payment of appellate fees. *Cf. Pichini v. Federal Nat'l Mortg. Ass'n*, 569 S.W.3d 192, 194 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (appeal deemed not perfected when appellant failed to tender payment by court-provided due date);

7

*Almahrabi v. Booe*, 868 S.W.2d 8, 9 (Tex. App.—El Paso 1993, no writ) (appeal deemed not perfected when appellant did not tender costs of appeal to clerk's office until 39 days after notice received).

Whether a party properly perfected an appeal from a justice court judgment is a question of law that we review de novo. *Mahrou v. White*, No. 03-22-00058-CV, 2023 WL 4980971, at *3 (Tex. App.—Austin Aug. 4, 2023, no pet.) (mem. op.). Courts must "liberally construe the rules of appellate procedure to protect a party's right to appeal." *Watkins v. Debusk*, 286 S.W.3d 58, 61 (Tex. App.—El Paso 2009, no pet.) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997)). On this record, we cannot say that Yang "fail[ed] to pay the costs on appeal" such that the county court was required to deem her appeal not perfected under Rule 143a. Consequently, we conclude that the trial court erred by dismissing Yang's appeal and by denying Yang's motion to reinstate.

## CONCLUSION

We reverse the county court's order dismissing Yang's appeal and remand the cause to that court for further proceedings.

_____

Karin Crump, Justice

Before Justices Theofanis, Crump, and Ellis

Reversed and Remanded

Filed:  May 2, 2025

8