**In re Jessica GARCIA.**

No. 13–02–439–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Dec. 12, 2002.

Clay B. Scheitzach, Hal George, The Kleberg Law Firm, Corpus Christi, for Relator.

David C. Hughes, Law Offices of David C. Hughes, Austin, David Hughes, Law Offices of David Hughes, Michael P. O'Brien, Attorney At Law, Paul Dodson, Huseman & Pletcher, Corpus Christi, Mike O'Brien, Attorney At Law, Houston, for Real Parties.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Chief Justice VALDEZ.

Relator, Jessica Garcia, has filed a petition for writ of mandamus complaining that the trial court abused its discretion in reinstating the lawsuit of the real party in interest, Virginia Carroll–Boyd. We conditionally grant relief.

### Background

The trial court dismissed a personal injury case for want of prosecution. Thirteen days later, the plaintiff filed an unverified motion for new trial and to reinstate, alleging merely that:

The Plaintiff requests that her case be reinstated and that she be granted a new trial. The Plaintiff's attorney was in Austin, Texas on February 22, 2002, and desires to proceed....

The trial court did not take any action on this motion. One hundred and eight days after the order of dismissal was entered, the plaintiff's attorney filed an affidavit stating that he "received no Notice of this case being placed on the Dismissal Docket or of the hearing scheduled for February 22, 2002...." The affidavit provided that the attorney had moved his law office to Austin in October of 2001, and had notified the Nueces County District Clerk regard-ing his change of address. Thus, the attorney alleged that the cause was dismissed without proper notice, and that the plaintiff wished to pursue her case. The trial court granted the motion to reinstate and motion for new trial the day after this affidavit was filed. The defendants in this case have filed a petition for mandamus on grounds that the trial court acted without jurisdiction in granting the motion to reinstate and for a new trial.

### Mandamus is Proper Remedy

■ If the trial court erroneously reinstates a case after it loses jurisdiction, the ruling can be challenged by mandamus. *Estate of Howley v. Haberman,* 878 S.W.2d 139, 140 (Tex.1994); *see, e.g., City of McAllen v. Ramirez,* 875 S.W.2d 702, 704 (Tex.App.-Corpus Christi 1994, orig. proceeding).

### Analysis

A trial court has plenary power to reinstate a case within thirty days of dismissal for want of prosecution. Tex.R. Civ. P. 165a (3), (4); *Neese v. Wray,* 893 S.W.2d 169, 170 (Tex.App.-Houston [1st Dist.] 1995, no writ). A verified motion to reinstate filed within thirty days of dismissal extends plenary power for the same amount of time as would a motion for new trial. Tex.R. Civ. P. 165a (3), (4); *McConnell v. May,* 800 S.W.2d 194, 194 (Tex. 1990) (orig.proceeding).

■ In this case, the plaintiff's motion to reinstate was not verified and did not include affidavits. An unverified motion is a nullity and does not extend the trial court's plenary jurisdiction or the deadlines for perfecting an appeal. *McConnell,* 800 S.W.2d at 194. Therefore, the trial court's plenary jurisdiction expired because the plaintiff did not file a verified

motion within thirty days after the order of dismissal. *Id.* Accordingly, the trial court had no authority to grant the reinstatement motion after March 25, 2002, thirty days after the February 22, 2002, dismissal (the thirtieth day falls on a weekend).

■ We cannot consider the late-filed affidavit as an amended motion to reinstate because any amended motion was also required to be filed within thirty days of the date the dismissal order was signed. *See Mandujano v. Oliva,* 755 S.W.2d 512, 514 (Tex.App.-San Antonio 1988, writ denied).

■ We cannot treat the plaintiff's "Motion for a New Trial and to Reinstate" as a motion for new trial, which is not required to be verified to extend plenary power. *See* Tex.R. Civ. P. 329(b) (no verification requirement for a motion for new trial). We cannot construe the motion to reinstate as one for a new trial even though it is labeled as such; rather, we look at the substance of the motion, which is one to reinstate. *City of McAllen v. Ramirez,* 875 S.W.2d 702, 704–05 (Tex.App.-Corpus Christi 1994, no writ) (a litigant may not circumvent the verification requirements of rule 165a (3) by labeling a motion for reinstatement as a motion for new trial); *see State Bar of Tex. v. Heard,* 603 S.W.2d 829, 833 (Tex.1980) (orig.proceeding).

■ Therefore, the trial court's jurisdiction expired thirty days after entry of the order of dismissal. Even if we were to somehow manage to construe the motion to reinstate as a motion for new trial, the trial court's plenary jurisdiction had expired. The motion for reinstatement was overruled by operation of law because it was not decided within seventy-five days after the judgment was signed. Tex.R. Civ. P. 165a (3). The trial court had plenary power to reinstate the case until thirty days after any such timely filed motion was overruled. *Id.* May 8, 2002 was the seventy-fifth day after the order dismissing the case; June 7, 2002, was the thirtieth day after the motion to reinstate was overruled; and the reinstatement order was not entered until June 11, 2002.

### Conclusion

We conclude that the trial court lacked jurisdiction to reinstate the case. We conditionally grant the petition for writ of mandamus. The writ will only issue if the trial court refuses to withdraw its order reinstating the case.