NUMBER 13-04-624-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

ELIA RODRIGUEZ AND JUAN RODRIGUEZ,                  Appellants,

 

                                           v.

 

HECTOR VILLARREAL AND 

LAW FIRM OF HECTOR VILLARREAL,                          Appellees.

 

 

 

                   On appeal from the 93rd District Court

                           of Hidalgo
County, Texas.

 

 

 

                    MEMORANDUM OPINION [1]

 

                 Before Justices Yañez,
Castillo and Garza

                  Memorandum Opinion by Justice Castillo

 








Appellants Elia
Rodriguez and Juan Rodriguez appeal from an order denying their motion to
reinstate their dismissed case against appellees Hector Villarreal and the Law
Firm of Hector Villarreal (collectively "Villarreal").  By three issues, the Rodriguezes assert the
trial court abused its discretion by denying their motion to reinstate and by
failing to provide notice of or hold a hearing on their motion to
reinstate.  We dismiss for want of
jurisdiction.

I.  Procedural History

On January 29, 2003,
the Rodriguezes filed their pro se original petition, alleging that Villarreal
breached the contract to represent appellant Juan Rodriguez in a criminal
matter stemming from a New York federal arrest warrant.  Alleging breach of contract and fraud, the
Rodriguezes sought compensatory and punitive damages. On February 28, 2003,
Villarreal timely filed an answer asserting a limitations defense.  On August 19, 2004, the trial court called
the case as apparently set on the court<s docket.  Villarreal appeared but neither the
Rodriguezes nor their counsel appeared. 
The trial court acknowledged receipt of an overnight letter from the
Rodriguezes' counsel, dated August 18, 2004, providing notice that counsel was
in a trial in Dallas.[2]
The trial court also acknowledged its prior order dated May 20, 2004, resetting
the case to August 19, 2004, at 1:30 p.m.[3]  








At the hearing,
Villarreal asserted that appellant Elia Rodriguez appeared for a dismissal
docket proceeding in April 2004, and, at her request, the trial court continued
the case to allow her time to secure counsel. 
The trial court noted that Juan Rodriguez was incarcerated.  Villarreal moved that the case be dismissed
for want of prosecution.  Deeming
counsel's overnight letter untimely, the trial court declined to construe the
letter as a motion for continuance.  The
trial court granted Villarreal's motion to dismiss.  The dismissal order states as follows:

AMENDED ORDER
DISMISSING SUIT FOR LACK OF PROSECUTION 

On this the 19th day
of August 2004, came on to be heard the Court's own motion for Dismissal Due to
Lack of Prosecution.

 

The Court finds that this
matter was originally set May 12, 2004, at which time Plaintiffs appeared pro
se and informed the Court of their intent to retain an attorney.  At that time, the matter was re-set to May
20, 2004.  On May 20, 2004, Plaintiffs
appeared with [their attorney].

 

The Court finds that
attorney for Plaintiffs requested additional time to brief certain points
concerning the [statute] of limitations in the instant case.  The Court at that time ordered that briefs be
[filed] by all counsel on or before August 2, 2004 and re-set this case to
August 19, 2004 at 1:30 p.m.  Defendant
timely filed his brief; however Plaintiffs['] attorney failed to timely file a
brief as per the Court Order of May 20, 2004. 


 

The Court takes
judicial notice of the Pleadings on file and notes that Plaintiffs filed no
Motion for Continuance for the hearing scheduled for August 19, 2004.  On August 19, 2004, Defendant appeared,
however neither Plaintiffs nor their attorney appeared.

 

THEREFORE, IT IS
HEREBY ORDERED that Plaintiffs['] case be dismissed for lack of prosecution. 

 

[SIGNED] this 29th day
of August, 2004.

 








On September 28, 2004,
the Rodriguezes timely filed a verified motion to reinstate, asserting that the
failure to appear was the result of mistake or accident and could be reasonably
explained.  The affidavit of counsel
attached to the motion states that counsel was in trial and, on August 18,
2004, he directed an associate attorney in his office to attend the hearing to
represent the Rodriguezes.  The
associate's affidavit, also attached to the motion, states that inclement
weather caused the cancellation of his flight on August 19, 2004, to attend the
hearing, and he was unable to secure another flight into the area due to
inclement weather.  On October 18, 2004,
by written order, the trial court denied the motion to reinstate.  It is from that order that the Rodriguezes
appeal.     

II.  Jurisdiction

The initial inquiry
for our court is always whether we have jurisdiction over an appeal.  Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 443 (Tex. 1993).  The
question of jurisdiction is a legal issue. 
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998).  Therefore, we follow the  de novo standard of review.  Id. 
A court's jurisdiction is never presumed.  Alaniz v. Hoyt, 105 S.W.3d 330, 335
(Tex. App.BCorpus Christi 2003,
no pet.) (citing El‑Kareh v. Tex. Alcoholic Beverage Comm'n, 874
S.W.2d 192, 194 (Tex. App.BHouston [14th Dist.]
1994, no writ)).  If the record does not
affirmatively demonstrate the appellate court's jurisdiction, the appeal must
be dismissed.  Id.  Therefore, before we consider the issues, we
first must determine if the notice of appeal was timely filed.








A trial court retains
plenary power to grant a new trial or to vacate, modify, correct, or reform a
judgment within thirty days after the judgment is signed.  Tex.
R. Civ. P. 329b(d); First Alief Bank v. White, 682 S.W.2d 251,
252 (Tex. 1984) (orig. proceeding) (per curiam).  After the expiration of those thirty days,
the trial court has no authority to set aside a judgment except by bill of
review for sufficient cause.  Tex. R. Civ. P. 329b(f); Thursby v.
Stovall, 647 S.W.2d 953, 954 (Tex. 1983) (orig. proceeding) (per curiam); In
re Parker, 117 S.W.3d 484, 487 (Tex. App.BTexarkana 2003, orig. proceeding); In re
Garcia, 94 S.W.3d 832, 834 (Tex. App.BCorpus Christi 2002,
orig. proceeding).  If no party to a
judgment files a motion that extends
the trial court's plenary power, the trial court loses plenary
power over the judgment thirty days after the judgment is
signed.  Bass v. Bass,
106 S.W.3d 311, 314 (Tex. App.BHouston [1st Dist.] 2003, no pet.). 

III.  Discussion








The Rodriguezes timely
filed their motion to reinstate.  The
trial court denied the motion on October 18, 2004. On November 17, 2004, the
trial court's plenary jurisdiction expired and the order of dismissal became final.  Id.; see also In re Garcia, 94 S.W.3d at
834.  The Rodriguezes filed their notice of
appeal on November 22, 2004.  Our jurisdiction extends no further than that of the
court from which the appeal is taken.  Pearson
v. State, 315 S.W.2d 935, 938 (Tex. 1958); Nabejas v. Tex. Dep't of
Pub. Safety, 972 S.W.2d 875, 876 (Tex. App.BCorpus
Christi 1998, no pet.).  Accordingly, we
conclude that we have no jurisdiction to consider this appeal.  See Nabejas, 972 S.W.2d at
876.  

IV.  Conclusion

Because we do not have
jurisdiction to review this appeal, we dismiss for want of jurisdiction. 

 

ERRLINDA CASTILLO

Justice

 

Memorandum
Opinion delivered and filed

this
the 4th day of August, 2005.

 

 











[1] See
Tex. R. App. P. 47.2, 47.4.





[2] The
trial court also acknowledged a second letter from the Rodriguezes' counsel,
transmitting a brief on the statute of limitations.  The trial brief apparently was not previously
sent due to a calendaring error. The brief is in the appellate record; however,
the letters are not. 





[3] The
order is not in the appellate record.