NUMBER 13-05-541-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

                                 IN
RE: AURORA LOAN SERVICES

 

                                  On
Petition for Writ of Mandamus

 

                               MEMORANDUM
OPINION

 

                     Before
Justices Hinojosa, Yañez, and Rodriguez

                            Memorandum
Opinion by Justice Yañez

 

Relator, Aurora Loan Services, has filed a
petition for writ of mandamus complaining that the Honorable Daniel Robles,
presiding judge of County Court at Law No. 3, Cameron County, Texas, abused his
discretion in reinstating the lawsuit of the real party in interest, Carlos
Moran.  We conditionally grant relief.

                                                                    Background








On April 7, 2005, the trial court dismissed
a wrongful foreclosure case for want of prosecution.  On April 20, 2005, Moran filed an unverified
motion to reinstate and motion for trial setting.  On May 31, 2005, the trial court entered an
order setting these motions for hearing on June 15, 2005.  On June 15, 2005, the trial court granted
Moran=s motion to reinstate. 

By original proceeding filed on August 24,
2005, Aurora Loan Services contends that Moran=s unverified motion failed to extend the
trial court=s plenary jurisdiction, and accordingly, the
trial court lacked jurisdiction when it reinstated this case.  This Court requested and received a response
to the petition from Moran.  Moran
contends that a motion to reinstate is not required to be verified under rule
165a.  See Tex. R. Civ. P. 165a (governing dismissals for want of
prosecution).

                                                                     Mandamus

If the trial court erroneously reinstates a
case after it loses jurisdiction, the ruling can be challenged by
mandamus.  Estate of Howley v.
Haberman, 878 S.W.2d 139, 140 (Tex. 1994); In re Garcia, 94 S.W.3d
832, 834 (Tex. App.BCorpus Christi 2002, orig. proceeding); see,
e.g., City of McAllen v. Ramirez, 875 S.W.2d 702, 704-05 (Tex. App.BCorpus Christi 1994, orig. proceeding)
(trial court erroneously granted unverified motion).   

                                                                       Analysis








A trial court has plenary power to reinstate
a case within thirty days of dismissal for want of prosecution.  Tex.
R. Civ. P. 165a(3), (4); Neese v. Wray, 893 S.W.2d 169, 170 (Tex.
App.BHouston [1st Dist.] 1995, no writ).  A verified motion to reinstate filed within
thirty days of dismissal extends plenary power for the same amount of time as
would a motion for new trial.  Tex. R. Civ. P. 165a(3), (4); McConnell
v. May, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding). 

In this case, Moran=s motion to reinstate was not verified and
did not include affidavits.  Rule 165a
expressly provides that a motion to reinstate Ashall set forth the grounds therefor and be
verified by the movant or his attorney.@  Tex. R. Civ. P. 165a(3).  An unverified motion is a nullity and does
not extend the trial court's plenary jurisdiction or the deadlines for
perfecting an appeal.  McConnell,
800 S.W.2d at 194; Garcia, 94 S.W.3d at 834.  Therefore, the trial court's plenary jurisdiction
expired because Moran did not file a verified motion within thirty days after
the order of dismissal.  McConnell,
800 S.W.2d at 194; Garcia, 94 S.W.3d at 834.  Accordingly, the trial court had no authority
to grant the motion for reinstatement more than thirty days after the
dismissal.

                                                                     Conclusion

The trial court lacked jurisdiction to
reinstate the case. We conditionally grant the petition for writ of mandamus.
The writ will only issue if the trial court refuses to withdraw its order
reinstating the case.

 

 

PER CURIAM

 

 

Memorandum
opinion delivered and filed 

this
the 28th day of November, 2005.