**Opinion issued December 21, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-23-00655-CV**

————————————

**IN RE CHARLES BOWEN AND BLACKFOOT ELECTRIC, INC., Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relators Charles Bowen and Blackfoot Electric, Inc. filed a Petition for Writ of Mandamus complaining that Respondent, the Honorable Elaine H. Palmer, abused her discretion by signing an order granting Real Parties in Interest's Motion for Judgment Nunc Pro Tunc and reinstating the underlying case after the trial

court's plenary power expired.[1]  Relators seek an order from this court vacating the trial court's order.

We conditionally grant the relief sought.

**Background**

Relators were involved in an automobile accident with Real Parties in Interest Juan Nunez and Cristobal Nunez.  Real Parties sued Relators for negligence in connection with the accident on May 27, 2021.

In a notice dated April 12, 2022, the trial court informed the parties that because "no answer or service ha[d] been filed," the case would be dismissed for want of prosecution on May 27, 2022, unless by that date, an answer was filed, a default judgment order was signed, or a verified motion and order to retain were filed.  Real Parties took no action in response to the trial court's notice.  Noting the "failure to comply with the Notice," Respondent signed an order dismissing the lawsuit for want of prosecution on June 3, 2022.

On June 22, 2022, Real Parties filed a Verified Motion to Reinstate setting their motion for submission on July 11, 2022.  Arguing "[d]efendant was served September 22, 2021,"[2]  Real Parties requested reinstatement of the case to "an active

---

[1]  The underlying case is *Juan Nunez and Cristobal Nunez v. Charles Lydon Bowen and Blackfoot Electric, Inc.*, Cause No. 2021-31913, pending in the 215th District Court of Harris County, Texas, the Honorable Elaine H. Palmer presiding.

[2]  There are two named defendants in the lawsuit.  The Motion to Reinstate does not indicate which defendant was served.

2

status to allow Plaintiff additional time to file a motion for final default judgment." The trial court did not hold a hearing on the motion or otherwise act on the motion.

Four months later, on October 13, 2022, Real Parties filed a Motion for Judgment Nunc Pro Tunc ("Motion Nunc Pro Tunc"), requesting Respondent grant their previously filed Motion to Reinstate. Real Parties attached the sworn affidavit of their paralegal, Jessica Hughes, to their motion. Hughes stated in her affidavit that on October 12, 2022, she "discovered that th[e] [m]otion to [r]e-instate, and its accompanying [o]rder did not receive a ruling . . . ." Hughes stated that on July 12, 2022 and on July 18, 2022, she was "told the [o]rder was on the Judge's desk to be granted and signed[,]" and she "had no notice that the case had not been [r]e-instated." "To the extent the [trial court was] concerned about is plenary power," Real Parties argued that the trial court's failure to rule on their Motion to Reinstate "was one of a clerical nature, and this can be corrected by a Judgment Nunc Pro Tunc."

Real Parties filed a notice setting their Motion Nunc Pro Tunc for submission on October 24, 2022. On October 25, 2022, 144 days after dismissing the case for want of prosecution, Respondent granted Real Parties' Motion Nunc Pro Tunc, thereby reinstating the case.

Relators filed the instant Petition for Writ of Mandamus asserting Respondent abused her discretion in granting Real Parties' Motion Nunc Pro Tunc and

3

reinstating the case, because the trial court's plenary power expired on September 16, 2022. We directed Real Parties to file a response to the Petition for Writ of Mandamus. Real Parties did not respond.

## Discussion

### A. Standard of Review

Mandamus relief is appropriate when the trial court abuses its discretion, and the relator lacks an adequate remedy by appeal. *In re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex. 2007) (orig. proceeding); *In re Prudential Ins. Co of America*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when there is "a clear failure by the trial court to analyze or apply the law correctly." *Walker v. Packer*, 827 S.W.3d 833, 840 (Tex. 1992) (orig. proceeding).

Mandamus relief is available "when a trial court issues an order after its plenary power has expired." *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding) (citing *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)).

### B. Applicable Law

Texas Rule of Civil Procedure 165a governs dismissals for want of prosecution and reinstatements. For motions to reinstate, Rule 165a provides that the motion:

> shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. . . . The clerk shall

deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

TEX. R. CIV. P. 165a(3). In the event "for any reason" the motion "is not decided by signed order within seventy-five days after the judgment is signed," the motion "shall be deemed overruled by operation of law." *Id.* When a timely motion to reinstate is filed,

the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

*Id.*

When there are clerical errors in a judgment or order, a trial court is authorized to issue a judgment nunc pro tunc to correct the error even after its plenary power has expired. *See* TEX. R. CIV. P. 316 (providing "[c]lerical mistakes in the record of any judgment may be corrected by the judge in open court"); *see also* TEX. R. CIV. P. 306a(6) (stating that "[w]hen a corrected judgment has been signed after expiration of the court's plenary power pursuant to Rule 316, the periods mentioned in paragraph (1) of this rule shall run from the date of signing the corrected judgment with respect to any complaint that would not be applicable to the original document").

**C.    The Motion for Judgment *Nunc Pro Tunc* and Motion to Reinstate**

Relators timely filed their Motion to Reinstate on June 22, 2022, 19 days after the trial court signed its order of dismissal on June 3, 2022.  *See* TEX. R. CIV. P. 165a(3).  Respondent did not act on the Motion to Reinstate within 75 days after the order of dismissal was signed. The motion was thus overruled by operation of law 75 days after the order of dismissal was signed or on August 17, 2022.  *See* TEX. R. CIV. P. 165a (3); *see also In re Garcia*, 94 S.W.3d 832, 834 (Tex. App.—Corpus Christi–Edinburg 2002) (orig. proceeding) ("The motion for reinstatement was overruled by operation of law because it was not decided within seventy-five days after the judgment was signed.").

Pursuant to Rule 165a(3), Respondent retained plenary power to reinstate the case for an additional 30 days or until September 16, 2022. TEX. R. CIV. P. 165a (3); *see also In re Garcia*, 94 S.W.3d at 834 ("The trial court had plenary power to reinstate the case until thirty days after any such timely filed motion was overruled.").  Real Parties did not file their Motion Nunc Pro Tunc until October 13, 2022, well after the court's plenary power had expired.  Presumably aware of this problem, Real Parties argued that Respondent's failure to rule on their Motion to Reinstate was a clerical error because Respondent had intended to rule on the Motion to Reinstate, and thus the court had plenary power to grant their motion.  Respondent

6

granted Real Parties' Motion Nunc Pro Tunc on October 25, 2022, thereby reinstating the case.

Respondent abused her discretion in granting Real Parties' Motion Nunc Pro Tunc because, when she granted the motion, the trial court's plenary power had expired. "[A]n order that dismisses a case for want of prosecution becomes a final judgment upon expiration of the trial court's plenary jurisdiction." *In re Wal-Mart Stores, Inc.*, 20 S.W.3d 734, 738 (Tex. App.—El Paso 2000, no pet.) (orig. proceeding). "Once [a] judgment becomes final, . . . the court's power to correct is limited to the correction of clerical errors only, which may be performed though a judgment nunc pro tunc." *Parker v. Lancon*, 1998 WL 104967, at *1 (Tex. App.—Houston [14th Dist.] Mar. 12, 1998). "A clerical error is a mistake or omission that prevents the judgment as entered from reflecting the judgment as rendered." *Id.* Notably, "even if the dismissal was signed by mistake, our focus must be on what judgment the trial court actually rendered, rather than what the court may have intended." *In re Pipoly*, 2001 WL 1479268, at *2 (Tex. App.—San Antonio Nov. 21, 2001, no pet.) (orig. proceeding).

Applying these principles to the instant case, we hold there was no clerical error to correct and thus Respondent's October 25, 2022 is void. Neither the trial court's failure to hold a hearing on Real Parties' Motion to Reinstate nor dismissal of the case for want of prosecution on June 3, 2022 was a clerical error. Even if we

7

agree with Real Parties that Respondent intended to grant Real Parties' Motion to Reinstate when she ruled on their Motion Nunc Pro Tunc, any attempted correction of such error was a "judicial" act, requiring Respondent to have jurisdiction through plenary power to rule on the motion. Indeed, "[i]f the [court] intends to render one thing but actually renders another, the resultant error is judicial, not clerical." *Id.* (quoting citation omitted).

Because the plenary power of the trial court expired on September 16, 2022, Respondent's October 25, 2022 order granting Real Parties' Motion Nunc Pro Tunc and reinstating the case, is void. *See Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding) (["T]he time limits provided in rule 165a are mandatory and jurisdictional and . . . orders of reinstatement entered after their expiration are void."); *In re Valliance Bank*, 422 S.W.3d 722, 729 (Tex. App.—Fort Worth 2012, orig. proceeding) ("Because the trial court signed the order of reinstatement after its plenary power had expired, we hold that the order of reinstatement is void and of no legal effect."); *In re Boglia, L.L.C.*, 2011 WL 13385443, at *1 (Tex. App.—Houston [1st Dist.] Dec. 22, 2011, orig. proceeding) (mem. op.) ("A reinstatement order rendered after the expiration of the trial court's plenary power is void."). "Mandamus is the proper vehicle to remedy a void reinstatement order." *Id.*

We hold Respondent abused her discretion in granting Real Parties' Motion Nunc Pro Tunc and reinstating the case. Mandamus is thus warranted. *See Estate*

8

*of Howley By & Through Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding) ("When a trial court erroneously reinstates a case after the expiration of the court's plenary jurisdiction, mandamus will issue.").

## Conclusion

We conditionally grant mandamus relief and direct Respondent to vacate her October 25, 2022 order reinstating the case. A writ will issue only if the trial court does not comply. All pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.