**Opinion issued June 13, 2024**



In The

# Court of Appeals

### For The

# First District of Texas

————————————

### NO. 01-23-00958-CV

————————————

## IN RE OSCAR ROMERO, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Oscar Romero, has filed a petition for writ of mandamus, challenging the trial court's November 7, 2023 "Order Granting [the] Verified Motion to Reinstate," filed by real party in interest, Daniel Nguyen.[1]  Relator asserts that the trial court's plenary power expired before the trial court signed its November 7, 2023

---

[1]     The underlying case is *Daniel Nguyen v. Oscar Romero*, Cause No. 2019-17324, pending in the 189th District Court of Harris County, Texas, the Honorable Tamika Craft-Demming presiding.

order.  And because the trial court signed the November 7, 2023 order when it lacked plenary power, that order was void.  Relator requests that this Court direct the trial court "to vacate [its] order reinstating the [l]awsuit."  Real party in interest filed a response to relator's mandamus petition.

On June 8, 2023, the trial court dismissed real party in interest's suit for want of prosecution.  Real party in interest then timely filed a "Motion to Reinstate" on June 14, 2023.  *See* TEX. R. CIV. P. 165a(3) (providing motion to reinstate "shall be filed with the clerk within [thirty] days after the order of dismissal is signed").  The trial court, however, did not sign an order granting real party in interest's "Motion to Reinstate" until November 7, 2023.  Because the trial court did not act on the "Motion to Reinstate" within seventy-five days after the order of dismissal was signed, the motion was overruled by operation of law on August 22, 2023.  *See* TEX. R. CIV. P. 165a(3); *see also In re Garcia*, 94 S.W.3d 832, 834 (Tex. App.—Corpus Christi–Edinburg 2002, orig. proceeding) ("The motion for reinstatement was overruled by operation of law because it was not decided within seventy-five days after the judgment was signed.").  Pursuant to Rule 165a(3), the trial court retained plenary power to reinstate the case for an additional thirty days after August 22, 2023 or until September 21, 2023.  *See* TEX. R. CIV. P. 165a(3); *see also In re Garcia*, 94 S.W.3d at 834 ("The trial court had plenary power to reinstate the case until thirty days after any such timely filed motion was overruled.").  But the trial court did not

2

sign the reinstatement order until more than one month after the expiration of its plenary power, which rendered the reinstatement order void. *See In re Bowen*, No. 01-23-00655-CV, 2023 WL 8815154, at *3 (Tex. App.—Houston [1st Dist.] Dec. 21, 2023, orig. proceeding) (mem. op.); *In re Boglia, L.L.C.*, No. 01-11-00891-CV, 2011 WL 13385443, at *1 (Tex. App.—Houston [1st Dist.] Dec. 22, 2011, orig. proceeding) (mem. op.) ("A reinstatement order rendered after the expiration of the trial court's plenary power is void.").

We note that in his response, real party in interest asserts that the trial court's failure to timely rule on his motion to reinstate was simply "a clerical and/or official mistake." But "[o]nce [a] judgment becomes final, . . . the [trial] court's power to correct is limited to the correction of clerical errors only, which may be performed through a judgment nunc pro tunc." *Parker v. Lancon*, No. 14-96-01132-CV, 1998 WL 104967, at *1 (Tex. App.—Houston [14th Dist.] Mar. 12, 1998) (not designated for publication); *see also In re Bowen*, 2023 WL 8815154, at *3. "A clerical error is a mistake or omission that prevents the judgment as entered from reflecting the judgment as rendered." *Id.* Notably, "even if the dismissal was signed by mistake, our focus must be on what judgment the trial court actually rendered, rather than what the court may have intended." *In re Pipoly*, No. 04-01-00605-CV, 2001 WL 1479268, at *2 (Tex. App.—San Antonio Nov. 21, 2001, orig. proceeding).

Applying these principles to the instant case, we conclude that there was no clerical error for the trial court to correct.

Additionally, we note that on February 6, 2024, the trial court signed an order titled, "Order Denying Motion to Reinstate," which stated that the "[o]rder signed [by the trial court] on [November] 7[,] 2023 [was] . . . voided."[2]  TEX. R. CIV. P. 329b(f) (trial court may declare previous judgment or order void that was signed after expiration of court's plenary power); *In re State Farm Fire & Cas. Co.*, No. 01-22-00099-CV, 2022 WL 1462940, at *4 (Tex. App.—Houston [1st Dist.] May 10, 2022, orig. proceeding) (mem. op.).

This Court cannot decide a case that has become moot.  *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012); *see also In re Salverson*, No. 01-12-00384-CV, 2013 WL 557264, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2013, orig. proceeding) (mem. op.).  "If a proceeding becomes moot, the [C]ourt must dismiss the proceeding . . . ."  *Id.*  Here, the trial court vacated its November 7, 2023 reinstatement order from which relator seeks mandamus relief.  "[B]ecause the [trial court] has vacated the order in question," we must dismiss the mandamus proceeding as moot.  *See In re Siemens Gamesa Renewable Energy Wind US, LLC*, No. 01-17-00927-CV, 2018 WL 1597476, at *1 (Tex. App.—Houston [1st Dist.]

---

[2]  Real party in interest filed a direct appeal from the trial court's February 6, 2024 order, which voided the trial court's November 7, 2023 order.  That direct appeal is currently pending before the Court in appellate cause number 01-24-00131-CV.

April 3, 2018, orig. proceeding) (mem. op.); *see also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . . .").

Accordingly, we dismiss the petition for writ of mandamus as moot. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.