**Opinion issued August 8, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00131-CV

_____

**DANIEL NGUYEN, Appellant**

**V.**

**OSCAR ROMERO, Appellee**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-17324**

---

## MEMORANDUM OPINION

Appellant, Daniel Nguyen, has filed a notice of appeal from the trial court's

February 6, 2024 order.

We dismiss the appeal for lack of jurisdiction.

On June 8, 2023, the trial court signed an order dismissing appellant's suit against appellee, Oscar Romero, for want of prosecution. Appellant then timely filed a "Motion to Reinstate." *See* TEX. R. CIV. P. 165a(3) (providing motion to reinstate "shall be filed with the clerk within [thirty] days after the order of dismissal is signed"). On October 31, 2023, the trial court held a hearing on appellant's motion to reinstate and orally granted appellant's motion on the record. On November 7, 2023, the trial court signed a written order granting appellant's motion. *But see* TEX. R. CIV. P. 165a(3); *In re Garcia*, 94 S.W.3d 832, 834 (Tex. App.—Corpus Christi–Edinburg 2002, orig. proceeding) ("The motion for reinstatement was overruled by operation of law because it was not decided within seventy-five days after the judgment was signed."). On February 6, 2024, the trial court signed an order "void[ing]" its November 7, 2023 order.[1] On February 16, 2024, appellant filed a notice of appeal challenging the trial court's February 6, 2024 order.

---

[1] Previously, appellee filed a petition for writ of mandamus in this Court, challenging the trial court's November 7, 2023 "Order Granting [the] Verified Motion to Reinstate," on the ground that the trial court's plenary power expired before the trial court signed the order. *See In re Romero*, No. 01-23-00958-CV, 2024 WL 2965234, at *1–2 (Tex. App.—Houston [1st Dist.] June 13, 2024, orig. proceeding) (mem. op.). On June 13, 2024, this Court dismissed appellee's mandamus petition as moot because the trial court's February 6, 2024 order voided the November 7, 2023 order that appellee sought to challenge. *See id.* at *1–2; *see also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . . .").

Any party "seek[ing] to alter the trial court's judgment" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal and must dismiss the appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

Generally, a notice of appeal is due within thirty days after the trial court signs its order. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the order is signed if, within thirty days after the order is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3.

"An appeal from an order dismissing a cause for want of prosecution is taken from the order of dismissal, not from the [trial] court's ruling on [a] motion to

3

reinstate." *See Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 438 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); *see also White v. Vargas*, No. 05-23-00618-CV, 2024 WL 1651677, at *1 (Tex. App.— Dallas Apr. 17, 2024, no pet.) (mem. op.) ("[T]he dismissal order triggered the time to file the notice of appeal . . . ."); *Laballe v. Craddock*, No. 01-22-00665-CV, 2024 WL 86500, at *1 (Tex. App.—Houston [1st Dist.] Jan. 9, 2024, no pet.) (mem. op.) ("[A]ny challenge to a ruling on a motion to reinstate must be asserted as part of a timely appeal from the trial court's order dismissing the suit for want of prosecution.").

Here, the trial court signed its order dismissing appellant's suit on June 8, 2023. Appellant then filed a motion to reinstate which extended the deadline to file his notice of appeal to ninety days after the trial court's June 8, 2023 dismissal order. *See* TEX. R. APP. P. 26.1 (requiring notice of appeal to be filed within thirty days after judgment or order is signed or ninety days after judgment or order is signed if party timely files motion to reinstate). Accordingly, appellant's notice of appeal was due on or before September 6, 2023—or by September 21, 2023 with a fifteen-day extension. *See* TEX. R. APP. P. 26.1, 26.3. Appellant did not file his notice of appeal until February 16, 2024.

Without a timely filed notice of appeal, we lack jurisdiction over appellant's appeal. *See* TEX. R. APP. P. 25.1. On June 4, 2024, the Clerk of this Court notified appellant that his appeal was subject to dismissal for lack of jurisdiction unless,

4

within ten days of the date of the notice, he filed a written response demonstrating that this Court has jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a).

In his response, appellant argued that this Court has jurisdiction over his appeal because the "Court ha[d] already provided that the date of judgment for th[e] case [was] February 6, 2024" as the appellate deadlines set by the Clerk of the Court were based on the February 6, 2024 order date. But the Clerk of the Court does not determine whether this Court has jurisdiction over an appeal. Whether this Court has jurisdiction is a question of law. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). And because jurisdiction is fundamental, an appellate court has the duty to determine whether it has jurisdiction to hear a matter, even if it is necessary to do so without a request from the parties. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623-24 (Tex. 2012) (recognizing appellate court must consider its jurisdiction even if that consideration is sua sponte); *Zhao v. Sea Rock Inc.*, 659 S.W.3d 119, 126 n.7 (Tex. App.—El Paso 2022, pet. denied).

Appellant also argued in his response that his appeal should be reached on the merits and "the Court should not sanction the procedural gamesmanship" caused by appellee's counsel's "request[] that the trial court and parties pause proceedings due to her maternity leave" from May 15, 2023 until September 15, 2023. However, we note that on July 26, 2023, appellant filed a Notice of Oral Hearing, setting his motion to reinstate for a hearing on October 24, 2023, well past the trial court's

deadline to rule on the motion and after the trial court would have lost plenary power. *See* TEX. R. CIV. P. 165a(3); *In re Garcia*, 94 S.W.3d at 834 (explaining "[t]he motion for reinstatement was overruled by operation of law because it was not decided within seventy-five days after the judgment was signed" and "[t]he trial court had plenary power to reinstate the case until thirty days after" motion to reinstatement was overruled). On September 29, 2023, appellant filed an Amended Notice of Oral Hearing, further postponing the hearing on his motion to reinstate to October 31, 2023.

When this Court does not have jurisdiction over an appeal, it must be dismissed. *See Unity Nat'l Bank v. Scroggins*, No. 01-20-00593-CV, 2021 WL 4897833, at *3 (Tex. App.—Houston [1st Dist.] Oct. 21, 2021, no pet.) (mem. op.); *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Because appellant's February 16, 2024 notice of appeal was untimely, we hold that this Court lacks jurisdiction over appellant's appeal, and we must dismiss the appeal for lack of jurisdiction. *See, e.g.*, *Prent v. rJet, L.L.C.*, No. 01-16-00666-CV, 2016 WL 5266643, at *1 (Tex. App.—Houston [1st Dist.] Sept. 22, 2016, no pet.) (mem. op.) (appeal dismissed for lack of jurisdiction where appellant erroneously "suggest[ed] that the deadline for filing the notice of appeal ran from the date her motion to reconsider was overruled by operation of law"); *Hartford Ins. Grp. v. Perez*, No. 05-11-00195-CV, 2011 WL 2306800, at *1 (Tex.

App.—Dallas June 13, 2011, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction after appellant incorrectly argued "that its notice of appeal was timely because it was filed within thirty days of the date the trial court denied the motion to reconsider").

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.